UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. _____

RONDELL L. EVANS
3359 WUNDER AVENUE
APARTMENT 6
CINCINNATI, OH 45211

      PLAINTIFF

v.                                                                                                                             COMPLAINT

EAGLE MANUFACTURING COMPANY, LLC
7100 INDUSTRIAL ROAD
FLORENCE, KY 41042
      SERVE:     CORPORATION SERVICE COMPANY
                       421 WEST MAIN STREET
                       FRANKFORT, KY 40601

      DEFENDANT

**COMPLAINT AND JURY DEMAND**

Filed Electronically

      **COMES NOW** the Plaintiff, Rondell L. Evans ("Rondell"), by and through the undersigned counsel, and for his Complaint and causes of action against the above-named Defendant, states as follows:

**I. JURISDICTION AND VENUE**

      1.      Rondell is and was at all times relevant hereto a resident of Hamilton County, Ohio, residing at 3359 Wunder Avenue, Apartment 6, Cincinnati, Ohio 45211.

      2.      That the Defendant, Eagle Manufacturing Company, LLC ("Eagle Manufacturing"), is a foreign limited liability company authorized to do business in the

1

Commonwealth of Kentucky with its principal office located in Boone County, Kentucky at 7100 Industrial Road, Florence, Kentucky 41042.

    3.    That the Plaintiff seeks damages from the Defendant under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.  Please see the Plaintiff's "Right to Sue" letter from the EEOC dated April 12, 2016 and attached as **Exhibit 1**.  Additionally, the Plaintiff seeks damages from the Defendant under the laws of the Commonwealth of Kentucky for violation of specific provisions of Kentucky law, as well as Kentucky common law.  Accordingly, this Court has jurisdiction of this case pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Also, this Court has jurisdiction over the additional state/pendent common law claims within this case as more particularly hereinbefore and hereinafter set out.  Boone County, Kentucky is the location of all acts pertinent to this suit, and venue is therefore proper in this Court.

## II.  FACTUAL RECITATIONS

    4.    The Plaintiff reiterates, realleges and incorporates by reference each and every allegation contained in paragraphs 1 – 3 as if fully set forth herein.

    5.    That Rondell was employed with Eagle Manufacturing.

    6.    That Rondell is African American.

    7.    That Rondell was last employed full time earning approximately $37,000.00 per year.

    8.    That Rondell has a longstanding and good work history with Eagle Manufacturing.

    9.    That Rondell was injured in a work-related accident on or about February 22, 2015.

10. That as a result, Rondell needed to attend doctor appointments.

11. That Rondell's doctors placed him on medical restrictions requiring accommodations at work.

12. That on or about May 14, 2015, Rondell informed Eagle Manufacturing's management that his work-related injury would require surgery.

13. That approximately one week later on May 22, 2015, Eagle Manufacturing terminated Rondell's employment for alleged attendance reasons.

14. That Eagle Manufacturing's alleged attendance reasons were merely a pretext for terminating Rondell as a result of his race, disability, and for his filing and pursuing a Workers' Compensation claim.

15. That Rondell would have otherwise worked indefinitely into the future.

## COUNT I

### Violation of Title VII of the Civil Rights Act of 1964

16. The Plaintiff reiterates, realleges and incorporates by reference each and every allegation contained in paragraphs 1 – 15 as if fully set forth herein.

17. That 42 U.S.C. § 2000e-2 provides that it shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race.

18. That the Plaintiff is African American.

19. That the Defendant terminated the Plaintiff's employment and took his vacation time/pay.

3

20. That the Plaintiff was qualified for his position.

21. That similarly situated White employees were treated more favorably by not being terminated with their vacation time/pay taken.

## COUNT II

### Violation of the Americans with Disabilities Act

22. The Plaintiff reiterates, realleges and incorporates by reference each and every allegation contained in paragraphs 1 – 21 as if fully set forth herein.

23. That 42 U.S.C. § 12112(a) provides that no covered entity shall discriminate against a qualified individual on the basis of disability in regard to the discharge of employees.

24. That Rondell is disabled.

25. That Rondell was otherwise qualified for the position.

26. That Rondell suffered an adverse employment decision.

27. That Eagle Manufacturing knew or had reason to know of Rondell's disability.

28. That Rondell was replaced or his position remained open while Eagle Manufacturing sought other applicants.

## COUNT III

### Wrongful Discharge

29. The Plaintiff reiterates, realleges and incorporates by reference each and every allegation contained in paragraphs 1 – 28 as if fully set forth herein.

30. That a public policy in Kentucky is that an employee has a right to be free to assert a lawful claim for benefits without suffering retaliatory discharge.

4

31. That action on the part of an employer that prevents an employee from asserting his statutory right to medical treatment and compensation violates this policy.

32. That Eagle Manufacturing's discharge of Rondell was motivated by the desire to punish Rondell for seeking the benefits to which he is entitled by law.

33. That Eagle Manufacturing's retaliation against Rondell for filing a Workers' Compensation Claim was a substantial motivating factor in causing his discharge.

## COUNT IV

### Unlawful Retaliation in violation of KRS 342.197

34. The Plaintiff reiterates, realleges and incorporates by reference each and every allegation contained in paragraphs 1 – 33 as if fully set forth herein.

35. That Chapter 342 of the Kentucky Revised Statutes ("KRS") is entitled, "Workers' Compensation."

36. That KRS 342.197 provides that no employee shall be discharged for filing and pursuing a lawful claim under this chapter.

37. That Eagle Manufacturing discharged Rondell for filing and pursuing a Workers' Compensation Claim.

## COUNT V

### Unlawful Discharge/Race Discrimination

38. The Plaintiff reiterates, realleges and incorporates by reference each and every allegation contained in paragraphs 1 – 37 as if fully set forth herein.

5

39. That the express public policy within the Commonwealth of Kentucky is that it shall be unlawful for employers to condition continued employment or the conditions of employment upon an employee's race.

40. That KRS 344.040(1)(a) provides that it is an unlawful practice for an employer to discharge any individual because of the individual's race.

41. That during the course of Rondell's employment with Eagle Manufacturing, various unknown agents and/or employees of Eagle Manufacturing conspired to and ultimately did discriminate against Rondell on the basis of his race resulting in his wrongful discharge.

42. That Rondell is a member of a legally protected class.

43. That Rondell was subjected to adverse employment action by being discharged from a position he was qualified for and was treated worse than similarly situated White employees in his discharge.

## COUNT VI

### Unlawful Discharge/Disability Discrimination

44. The Plaintiff reiterates, realleges and incorporates by reference each and every allegation contained in paragraphs 1 – 43 as if fully set forth herein.

45. That KRS 344.040(1)(a) provides that it is an unlawful practice for an employer to discharge any individual because the person is a qualified individual with a disability.

46. That Rondell had a disability.

47. That Rondell was otherwise qualified to perform the requirements of the job.

6

48. That Rondell suffered an adverse employment decision because of the disability.

**WHEREFORE**, the Plaintiff, Rondell L. Evans, prays and demands judgment against the Defendant, Eagle Manufacturing Company, LLC, as follows:

1. For judgment against the Defendant pursuant to this Complaint;

2. For compensatory damages in excess of this Court's minimum jurisdiction such as proof at trial may show, including, but not limited to, past and future lost wages/benefits and past and future emotional distress;

3. For punitive damages such as proof at trial may show;

4. For a trial by jury on all issues so triable;

5. For his costs herein expended including attorney fees;

6. For an Order granting Plaintiff his attorney fees and costs according to **42 U.S.C. § 1988** and/or **42 U.S.C. § 2000e-5(k)**;

7. For an Order granting Plaintiff his actual damages, costs, and attorney fees as required by **KRS 342.197(3)**;

8. For an Order granting Plaintiff his actual damages, costs, and attorney fees as required by **KRS 344.450**; and

9. For any and all other relief, both legal and equitable, to which the Plaintiff may appear entitled.

       Respectfully submitted,


/S/  JAMES W. MORGAN, JR. (KY #50114)
   ATTORNEY FOR PLAINTIFF
   MORGAN SMITH PORTER GUIDUGLI, PLLC
   421 MADISON AVENUE
   COVINGTON, KENTUCKY 41011
   P:  (859) 491-9100
   F:  (859) 491-9178
   james.morgan@mspglaw.com

8